United States Court of Appeals
Fifth Circuit

**F I L E D**

September 21, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 05-30472

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOHN PAUL ANTHONY,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana

(6:03-CR-60024)

Before GARZA, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant John Paul Anthony was convicted by a jury for conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846. He filed a motion for judgment of acquittal or new trial, which the district court denied.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, Anthony's sole contention is that the evidence at trial was insufficient to establish that he knew his actions were in furtherance of a drug conspiracy. We AFFIRM essentially for the reasons stated by the district court in its written order.

Anthony was caught transporting over $50,000 in drug proceeds from Philadelphia to Houston via commercial airliner. Although Anthony insists that he did not know what the money was for, the record compels a contrary conclusion.

First, a known drug dealer, Christopher Cruz, paid Anthony $4,000 to transport the money to Houston. That Anthony knew Cruz was a drug dealer is supported by the record because Cruz discussed his drug running trips in front of Anthony, and because Anthony knew that Cruz lived a lavish lifestyle even though he had no job.

In addition, the money that Anthony was caught with, on which tests later revealed illegal narcotics, was packed in a vacuum sealed plastic bag. The jury heard evidence that a vacuum sealed plastic bag is used to make it harder for drug sniffing dogs to detect drugs on

2

money. The jury was well within reason to conclude that Anthony knew why the money was packed in the plastic bag. The record reveals that Anthony is no stranger to illegal narcotics. For over a year, Anthony supported himself by selling marijuana. Also, he helped his brother on at least one occasion unload drugs hidden in the overhead panels of a vehicle.

Finally, Anthony knew many of the alleged co-conspirators well. Among the alleged co-conspirators, many of whom plead guilty to the conspiracy and testified against Anthony, were his brother, uncle, and numerous other friends and acquaintances.

In sum, the record supports a finding that Anthony knew the co-conspirators, knew of the conspiracy, and knew that his actions were in furtherance of that conspiracy. In addition, the jury was instructed on the issue of "deliberate ignorance." Even if Anthony somehow did not know his actions were in furtherance of a drug conspiracy, we find that the jury reasonably could have concluded that it was only because he deliberately remained ignorant of that fact. *See United States v.*

3

*Velasquez*, 919 F.2d 946, 952-53 (5th Cir. 1990). Therefore, we AFFIRM.

**AFFIRMED.**